IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 17-cv-02993-RBJ-NRN

CALVIN JOHNSON

    Plaintiff,

v.

CAPTAIN "LITTLE,"
LIEUTENANT WINGERT,
LIEUTENANT GLISSMAN, and
SERGEANT LEWIS,

    Defendants.

## ORDER DISMISSING CASE

This matter is before the Court on the recommendations of Magistrate Judge N. Reid Neureiter. By way of background, Mr. Johnson is an inmate in the Colorado Department of Corrections, currently placed at the Sterling Correctional Facility. He represents himself pro se. The Court construes his pleadings liberally.

Mr. Johnson alleges that the defendants subjected him to cruel and unusual punishment and retaliated against him for exercising his constitutional rights. He asserted additional claims, including a claim against United States Magistrate Judge Gordon G. Gallagher. Judge Babcock dismissed those additional claims but left intact Mr. Johnson's individual capacity claims against the four above-listed defendants.

On August 27, 2019 defendants moved pursuant to Fed. R. Civ. P. 30(a)(2)(B) for leave to take a deposition of Mr. Johnson at his correctional facility. ECF No. 102. I referred the motion to Magistrate Judge Neureiter, ECF No. 103, who granted the motion. ECF No. 104.

However, during a status conference on September 5, 2019 Mr. Johnson stated that he would not appear for his deposition unless it were scheduled between 7:30-9:00 or 1:30 to 3:00 p.m. Magistrate Judge Neureiter asked the defendant to try to accommodate Mr. Johnson's preferences but also informed Mr. Johnson that he was required to appear for a deposition, even if it meant missing some of his regularly scheduled activities. *See* ECF No. 120 at 2. He added that he would not make defense counsel return to the prison four times to complete a deposition. *Id.*

Defendant scheduled the deposition in this case and in a separate case, *Johnson v. Whitney,* No. 17-cv-1559-RBJ-NRN, for September 24, 2019 at 11:30 a.m. Defense counsel traveled to the Sterling Correctional Facility for the deposition, a two-hour trip. ECF No. 107, as amended at ECF No. 108, at ¶6. However, Mr. Johnson refused to leave his cell and did not appear for the deposition. Defendant then moved for an order compelling Mr. Johnson to appear for his deposition. ECF Nos. 108. The magistrate judge granted that motion and ordered Mr. Johnson to appear for his deposition, whether or not it was scheduled at his preferred time. ECF No. 110. He warned Mr. Johnson that if he again refused to appear for his deposition, he would recommend that the case be dismissed with prejudice for refusing to comply with court orders. *Id.*

Defendant re-noticed the deposition for November 4, 2019 at 1:00 p.m. ECF No. 117-1. Counsel again traveled to the Sterling Correctional Facility for the deposition, ECF No. 117 at 3. Once again Mr. Johnson refused to leave his cell and did not appear for the deposition. ECF No. 117-3. Defendant then moved to dismiss this case pursuant to Fed. R. Civ. P. 41(b). ECF No. 117. I referred the motion to Magistrate Judge Neureiter for a recommendation. ECF No. 118. Five days later, before the magistrate judge had issued any recommendation, Mr. Johnson filed

what he labeled, "Motion for the Court to Accept This as My Response to Judge Neureiter's Recommendation." ECF No. 119. Magistrate Judge Neureiter construed that document as Mr. Johnson's response to defendant' motion to dismiss. ECF No. 120 at 1.

On November 14, 2019 Magistrate Judge issued a Report and Recommendation in which he recommended that the case be dismissed with prejudice. ECF No. 120. He considered the five factors for exercising a court's discretion to impose a sanction of dismissal with prejudice under Rule 41(b) listed in *Ehrenhaus v. Reynolds,* 965 F.2d 916, 920-21 (10th Cir. 1992). Magistrate Judge Neureiter found that dismissal would be an appropriate sanction because (1) Mr. Johnson had been prejudiced by Mr. Johnson's refusal to appear for a deposition; (2) his behavior had substantially interfered with the judicial process; (3) he had willfully disregarded the court's order to appear; (4) he had been explicitly warned that if he refused to appear the court would recommend dismissal with prejudice; and (5) dismissal was the only appropriate remedy "given Mr. Johnson's intransigence and acknowledged unwillingness to comply with court orders. ECF No 120 at 4-6.

The Recommendation also advised Mr. Johnson that he had 14 days after service of the Recommendation to file written objections to it. *Id.* at 7. However, Mr. Johnson did not file any written objections to the Recommendation. That is not to say that he has not filed anything since the Recommendation was issued. Presently pending are (1) a motion to deny defendants' motion to dismiss, which simply asks the Court to reconsider three other motions, ECF No. 123; (2) a motion to re-mail anything that has been mailed to him in the last 30 days, ECF No. 125; and (3) a motion requesting a status report, in which he reiterates his position that any deposition of him be set for 1.5 hours per session, now between the hours of 2:00 and 4:30 p.m., and disclosing

questions he would not answer, ECF No. 126; and (4) a motion to direct defendants to take his deposition "in the normal visit" and addressing other pretrial matters, ECF No. 127.

"In the absence of timely objection, the district court may review a magistrate [judge]'s report under any standard it deems appropriate." *Summers v. Utah,* 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)). The Court has reviewed the Recommendation. Based on this review, the Court concludes that Judge Neureiter's analysis and recommendations are correct, and that "there is no clear error on the face of the record." *See* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court ADOPTS the Recommendation as the findings and conclusions of this Court.

As I indicated in my order issued this date dismissing *Johnson v. Whitney,* No. 17-cv-1559-RBJ-NRN, for similar reasons, Mr. Johnson's attitude vis-a vis the defendants' legitimate right to take his deposition; his refusal to come out of his cell on two occasions to permit defense counsel to take the deposition because it did not fit his preferred schedule; and his failure to comply with a magistrate judge's order provide clear and substantial grounds for this Court to dismiss his complaint with prejudice as a sanction for his conduct. He has abused the litigation process. I will not certify that an appeal would be taken in this case in good faith pursuant to 28 U.S.C. § 1915(a)(3).

**ORDER**

1. The Recommendation of United States Magistrate Judge Neureiter, ECF No. 120, is AFFIRMED and ADOPTED.

2. Defendants' motion to dismiss, ECF No. 117, is GRANTED.

3. ECF Nos. 123, 125, 126 and 127 are DENIED.

4. ECF No. 128 is denied as MOOT.

5. This case is dismissed with prejudice.

DATED this 21st day of January, 2020.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge